(52 Misc. Rep. 567)

### WETTJE v. SILVERMAN.

(Supreme Court, Appellate Term. February 11, 1907.)

MASTER AND SERVANT — INJURIES TO THIRD PERSONS — INDEPENDENT CONTRACTOR.

The owner of a building in course of construction was not liable for the injury of an employé of an independent contractor by a brick· falling through an open space in an upper floor where another contractor's men were at work; there being no showing that the opening was not necessarily left uncovered in doing the construction work, and the owner taking no part in the work, except to inspect it from time to time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1257, 1258.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Georgè Wettje, Jr., against Arthur E. Silverman. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Frederick E. Fishel, for appellant.
Willoughby B. Dobbs, for respondent.

GILDERSLEEVE, J. The defendant was the owner of premises upon which a building was being erected. The work was let out to different independent contractors, and defendant took no part whatever in the work beyond inspecting it from time to time to see if it was being done according to the contract. If he found anything wrong, he complained to the contractor, but gave no orders or directions to the men,

who were paid by and under the control of the respective contractors. Plaintiff was working under the contractor who had the plumbing work. One Brander was the contractor for the brick work. He says himself that he supplied the labor, but that defendant supplied the materials. When plaintiff, in the course of his duties, was going down a ladder, he was struck on the head by a brick falling from an upper floor where Brander's men were at work. We fail to find any proof connecting defendant with the accident, or showing any negligence on his part. The plaintiff was not a servant of defendant, but of an independent contractor. The brick appears to have fallen through an open space, which was so left opened and uncovered for the purpose of the erection or construction of a stairway and elevator, and there is nothing to indicate that such opening was not designated in the plans and specifications of the building, and necessarily left uncovered in order to do the work of construction.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.